UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CV AMALGAMATED LLC dba CALIGROWN, a California limited liability company,<br><br>                                  Plaintiff,<br><br>v.<br><br>CITY OF CHULA VISTA, a California public entity; and DOES 1 through 100,<br><br>                                  Defendants. | Case No.: 24-cv-1348-RSH-DDL<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>[ECF No. 7] |

Pending before the Court is a motion to dismiss plaintiff CV Amalgamated LLC's First Amended Complaint, filed by defendant City of Chula Vista (the "City"). ECF No. 7. As set forth below, the City's motion to dismiss is granted.

## I.     BACKGROUND

### A.     The State Case

In March 2018, the City enacted an ordinance regulating commercial cannabis businesses (the "Ordinance") and adopted regulations to implement the Ordinance (collectively the "CO&R"). ECF No. 6 ¶ 18. The Ordinance sets forth a procedure to apply

for a license to sell cannabis. The City had a maximum of eight licenses for storefront retail cannabis, with two licenses available in each of its four districts for electing City Council members (the "Districts"). ECF No. 7-1 at 3. The license application process is split into two phases. All phase one applications are reviewed by the Finance Director and Police Chief to determine whether the applicant has passed the minimum specified requirements for a license. ECF No. 6 at 4. Applicants approved in phase one are eligible to obtain an application slot for phase two. Applications are scored by Hinderliter, de Llamas & Associates ("HDL"), a third-party contractor hired by the City, based on a merit-based system described in the Ordinance. If the number of eligible applicants in phase one exceeds the number of available phase two slots, then only the applicants with the highest scores are given phase two slots. *Id.* Ultimately, phase two applicants with the highest-ranking scores receive licenses based on availability. *Id.*

Plaintiff is a California limited liability company. ECF No. 6 ¶ 2. In January 2019, Plaintiff submitted applications for licenses in Districts One, Three, and Four. ECF No. 6 at 5. Plaintiff's phase one applications were all rejected by the City on January 31, 2020 for failure to rank high enough in the merit-based evaluation scored by HDL. ECF No. 6 ¶ 15. Plaintiff filed an appeal with the City Manager, challenging the rejection of its applications. On July 7, 2020, Plaintiff prevailed on appeal and ordered the City to re-score Plaintiff's applications. *Id.* On August 21, 2020, the City sent a letter to Plaintiff with the revised application scores and a decision rejecting Plaintiff's applications. *Id.* ¶ 16.

On September 22, 2020, Plaintiff filed a lawsuit in the Superior Court of California, County of San Diego, against the City of Chula Vista, captioned *CV Amalgamated LLC v. City of Chula Vista*, No. 37-2020-00033446 (Cal. Super. 2020) (the "state lawsuit").[1] *See*

---

[1] Defendant requests the Court take judicial notice of eight documents consisting of the docket and filings in the state lawsuit, along with meet and confer letters sent to Plaintiff in this lawsuit. Plaintiff does not oppose. The Court grants Plaintiff's request for judicial notice.

ECF No. 6 ¶ 16. In the state lawsuit, Plaintiff brought claims against the City of Chula Vista challenging the City's denial of its applications. Plaintiff's complaint pleaded four theories of relief: (1) traditional mandamus, (2) administrative mandamus, (3) declaratory relief, and (4) promissory estoppel. ECF No. 7-1 at 5. During the lawsuit, Plaintiff elected to proceed only on its claim for traditional mandamus and dismissed the other three causes of action without prejudice. *See CV Amalgamated LLC v. City of Chula Vista*, 82 Cal. App. 5th 265, 277, as modified on denial of reh'g (Aug. 12, 2022).

On January 29, 2021, the Superior Court issued an order denying Plaintiff's request for traditional mandamus. On July 19, 2022, Plaintiff appealed and requested that the California Court of Appeal direct the city to: (1) rescind its rejection of Plaintiff's applications in Districts One, Three, and Four; (2) process those applications pursuant to the CO&R; and (3) rescore Plaintiff's applications in compliance with the City Manager's directive. ECF No. 7-1 at 6. On September 12, 2022, the Court of Appeal reversed the trial court and ordered it to issue a writ compelling the City to process and rescore Plaintiff's applications in accordance with the CO&R. *Id.* Thereafter, in April 2023, the City issued its final license in District Three, the last available license in any of the three districts for which Plaintiff had sought a license. ECF No. 6 ¶ 18. On August 2, 2023, the Superior Court issued a writ of mandamus ordering the City to re-score and rank Plaintiff's applications. *Id.* In September 2023, the City re-scored Plaintiff's applications in Districts One and Three but rejected Plaintiff's applications because all the licenses had already been issued. *Id.* ¶ 20. On October 13, 2023, Plaintiff submitted a claim to the City opposing the rejection of its applications. The City rejected the claim, partially based on untimeliness. ECF Nos. 6 ¶¶ 19, 20; 7-1 at 7.

B.     **The Instant Action**

On May 21, 2024, Plaintiff filed a new complaint against the City in Superior Court. ECF No. 1-2 at 9. The City removed the state lawsuit to this Court on July 30, 2024. ECF No. 6 at 3. The Court thereafter granted a joint motion for leave to file an amended complaint. ECF Nos. 4, 5. On September 5, 2024, Plaintiff filed its First Amended

Complaint (the "FAC"). ECF No. 6.

The operative pleading alleges that despite having been ordered to process Plaintiff's applications, the City delayed processing these applications until it had already issued all of its available retail cannabis licenses. The FAC brings two claims, for: (1) violation of civil rights pursuant to 42 U.S.C. § 1983, and (2) negligence. *Id.* ¶¶ 26–40. Plaintiff seeks money damages, and in the alternative, an order declaring Plaintiff "the highest ranked applicant in District 1 and the second ranked applicant in District 3." *Id.* at 13. The matter is fully briefed. ECF Nos. 12 (opposition), 13 (reply).

## II.   LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 12(b)(6). The plausibility standard demands more than a "formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557). Instead, a complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

When reviewing a motion to dismiss under Rule 12(b)(6), courts assume the truth of all factual allegations and construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996) (citing *Nat'l Wildlife Fed'n v. Espy*, 45 F.3d 1337, 1340 (9th Cir. 1995)). But a court "disregard[s] '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). Likewise, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v.*

*FDIC*, 139 F.3d 696, 699 (9th Cir. 1998) (citing *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996)). "After eliminating such unsupported legal conclusions, [courts] identify 'well-pleaded factual allegations,' which [are] assume[d] to be true, 'and then [courts] determine whether they plausibly give rise to an entitlement to relief.'" *Telesaurus VPC*, 623 F.3d at 1003. Dismissal under Rule 12(b)(6) is proper where there is no cognizable legal theory to support the claim or when there is an absence of sufficient factual allegations to support a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

### III.   ANALYSIS

The City moves to dismiss the claims in Plaintiff's FAC on three grounds: (1) res judicata, (2) statute of limitations, and (3) failure to adequately plead a claim. ECF No. 7-1 at 2–3. The Court addresses each of Defendants' arguments below.

#### A.   Res Judicata

The City first argues that Plaintiff's lawsuit is barred by the doctrine of res judicata based on the lawsuit filed by Plaintiff in the state lawsuit. "The preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute." *Marrese v. American Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985). That statute provides that a state's judicial proceedings "have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." 28 U.S.C. § 1738. A federal court looks to the preclusion law of the state in which the state court judgment was rendered. *Marrese*, 470 U.S. at 380. Accordingly, this Court looks to California law to determine whether claim preclusion applies here.

Under California law, the doctrine of claim preclusion "prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them." *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896 (2002). There are three elements for claim preclusion to apply: (1) the claim raised in the present action must be "identical to a claim or issue litigated in a prior proceeding"; (2) the prior proceeding must

have resulted in a "final judgment on the merits"; and (3) the parties in the two proceedings must be the same or in privity. *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 797 (2010). "Res judicata precludes piecemeal litigation by splitting a single cause of action or relitigation of the same cause of action on a different legal theory or for different relief." *Mycogen*, 28 Cal. 4th at 897 (internal quotation marks omitted).

The Parties agree that the state lawsuit involved the same parties and resulted in a final judgment on the merits; at issue is whether the claims herein were litigated in the state lawsuit. "Two proceedings are on the same cause of action if they are based on the same primary right." *Fed'n of Hillside & Canyon Assns. v. City of Los Angeles*, 126 Cal. App. 4th 1180, 1202 (2004) (internal quotation marks omitted). The scope of the primary right depends on how the injury is defined. Under this analysis, a cause of action comprises the plaintiff's primary right, the defendant's corresponding primary duty, and the defendant's wrongful act in breach of that duty. *Id.* The most significant factor in determining whether two actions involve the same primary right is the harm suffered. *Boeken*, 48 Cal. 4th at 798. When two actions involving the same parties "seek compensation for the same harm, they generally involve the same primary right." *Id.*

In the state lawsuit, Plaintiff sought a writ of mandamus compelling the City to score and process Plaintiff's applications for retail cannabis licenses that were allegedly denied arbitrarily. Plaintiff contended that the City did not give their applications full consideration in accordance with the CO&R. Plaintiff also sought declaratory relief, administrative mandamus, and damages based on promissory estoppel. ECF No. 7-1 at 5. In the course of the state lawsuit, Plaintiff chose to proceed only on its traditional mandamus claim and dismissed the other claims without prejudice. *See CV Amalgamated LLC v. City of Chula Vista*, 82 Cal. App. 5th 265, 277, as modified on denial of reh'g (Aug. 12, 2022). In contrast, in this federal action, Plaintiff brings § 1983 and negligence claims based on the City's failure to immediately process Plaintiff's applications after Plaintiff prevailed in the state lawsuit. ECF No. 6 ¶¶ 26–40. The primary rights, duties at issue, and the harm suffered are based on different facts. *See Boyd v. Freeman*, 18 Cal. App. 5th 847,

857 (2017) (concluding that "newly alleged facts barred the application of claim preclusion"); *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 824 (2015) (concluding that claim preclusion "bar[s] claims that were, or should have been, advanced in a previous suit involving the same parties") (internal quotation marks omitted). Accordingly, the Court determines that the claims in this action are not identical to those litigated in the state lawsuit. The Court declines to dismiss for res judicata.

### B. Failure to Adequately Plead a Claim

#### 1. *Section 1983 Claim*

Plaintiff alleges that the City violated their constitutional rights by failing to "score, rank, and process Plaintiff's applications." ECF No. 6 at 14. A municipality may not be vicariously liable under § 1983 for an injury caused by its employee or agent. *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). However, municipalities may be held liable as "persons" under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id*. To state a claim based on municipal liability, a plaintiff must adequately allege (1) the constitutional tort was the result of a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity"; (2) the tortfeasor was an official whose acts fairly represent official policy such that the challenged action constituted official policy; or (3) an official with final policy-making authority "delegated that authority to, or ratified the decision of, a subordinate." *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008) (quoting *Ulrich v. City & County of San Francisco*, 308 F.3d 968, 984–85 (9th Cir. 2002)).

The FAC alleges that the City had a policy of "rejecting all applications that received fewer than 400 points" and that "the City Manager approved that violation." ECF No. 6 ¶¶ 23–25. Plaintiff contends that it adequately alleged an official policy and that it adequately alleged ratification.

Plaintiff's assertion that the City has a policy or practice "of rejecting all applications that [HdL] and/or the City Manager scored lower than 400," without more, does not suffice

to state a claim for relief. *See Mitchell v. Cnty. of Contra Costa*, No. 21-CV-05014-DMR, 2022 WL 526161, at *5 (N.D. Cal. Feb. 22, 2022) (dismissing *Monell* claim where "[t]he complaint does not allege that any other person was subjected to similar unconstitutional conduct"); *Hensley v. City of Upland, CA*, No. CV 20-2462-CBM-(ASX), 2021 WL 1585212, at *4 (C.D. Cal. Mar. 1, 2021) (dismissing *Monell* claim because the complaint did not identify "any specific incidents . . . other than the incident involving Plaintiff"); *Nixon v. Buck*, No. CV1904610CJCS-HSX, 2019 WL 12377857, at *4 (C.D. Cal. Nov. 13, 2019) (dismissing *Monell* claim where allegations of an unconstitutional policy was "premised entirely on Plaintiff's own experience"); *Young v. City of Menifee*, No. EDCV171630JGB-SPX, 2019 WL 4238880, at *6 (C.D. Cal. Aug. 2, 2019) (dismissing *Monell* claim when plaintiff failed to "identify any specific instances," other than his own experience, "where [defendant] engaged in such [unconstitutional] conduct"). Plaintiff makes conclusory allegations that other applicants have been subject to constitutional violations based on the alleged longstanding custom but fails to allege sufficient facts to support that inference. For these reasons, the Court finds that the FAC as drafted fails to state a *Monell* claim based on official policy or unofficial practice or custom.

Next, the Court considers whether the FAC alleges a theory of municipal ratification. To establish municipal ratification under § 1983, a Plaintiff must allege "an official with final policy-making authority 'delegated that authority to, or ratified the decision of, a subordinate.'" *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008) (quoting *Ulrich v. City & County of San Francisco*, 308 F.3d 968, 984–85 (9th Cir. 2002)). The policymaker must know about the alleged constitutional violation and approve of it. *Lytle v. Carl*, 382 F.3d 978, 987 (9th Cir. 2004). Liability based on a ratification theory may be based on a single incident "causally related to the constitutional deprivation." *Trevino v. Gates*, 99 F.3d 911, 918 n.2 (9th Cir. 1996).

Here, Plaintiff contends "[t]he City Manager knew, or should have known, HDL violated the CO&R and failed to follow [it] . . . and approved that violation . . . by repeatedly rejecting all of CVA's applications." ECF No. 6 ¶ 24. The FAC as drafted fails

to allege sufficient facts supporting that conclusion. *See Puente v. City of Phoenix,* 123 F.4th 1035, 1066 (9th Cir. 2024) ("To show ratification, a plaintiff must show that the authorized policymakers approve a subordinate's decision and the basis for it.") (internal quotation marks omitted).

Because the Amended Complaint "[lacks] any factual allegations regarding key elements of the *Monell* claims," the Court grants Defendant's motion to dismiss Claim One. *See Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).

### 2. *Negligence Claim*

The City contends that the FAC fails to state a cognizable claim against the City because California Government Code § 815 provides that, "[e]xcept as otherwise provided by statute . . . [a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." *See AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 638 (9th Cir. 2012) ("California public entities are not subject to common law tort liability; all liability must be pursuant to statute."). The City argues that Plaintiff's FAC does not identify any statute that imposes tort liability against the City. ECF No. 7-1 at 23. Therefore, the City moves to dismiss the negligence claim on the grounds that Plaintiff: (1) failed to identify any statute that imposes such liability against the City, and (2) failed to present a timely government claim to the City. ECF No. 7-1 at 22.

Here, the FAC does not identify a statute that imposes tort liability on the City. ECF No. 6 at ¶¶ 36–40. The FAC alleges the City "had a mandatory and ministerial duty . . . in accordance with the CO&R." *Id.* ¶ 36. Plaintiff's opposition brief identifies four statutes that impose liability on the City — Cal. Civ Code § 1714, Cal. Gov. Code. §§ 815.2, 815.4, and 815.6. ECF No. 12 at 15. However, Plaintiff cannot amend its FAC through an opposition brief. *See Microsoft Corp. v. Hon Hai Precision Indus. Co.*, No. 19-CV-01279-LHK, 2020 WL 836712, at *10 (N.D. Cal. Feb. 20, 2020) ("[A] party cannot amend the complaint through briefing.") (internal quotation marks omitted); *SriCom, Inc. v. eBisLogic, Inc.*, No. 12-CV-00904-LHK, 2012 WL 4051222, at *6 (N.D. Cal. Sep. 13,

2012) ("Allegations raised for the first time in the briefing are not considered in determining the sufficiency of the complaint."). As the FAC fails to identify a specific statute declaring the City to be liable or creating some specific duty of care, Plaintiff has failed to allege a claim of negligence. *See Chadam v. Palo Alto Unified Sch. Dist.*, 666 F. App'x 615, 618 (9th Cir. 2016) (affirming district court's dismissal of plaintiffs' negligence claim because "[plaintiffs] also do not provide a statutory basis for . . . liability."); *Blajos v. Cnty. Of Orange*, No. SACV 07–1063 JVS-RNB, 2008 WL 11343478, at *2 (C.D. Cal. Feb. 1, 2008) (dismissing plaintiff's complaint because it "does not specify any qualifying statute as the basis for the [Defendants] liability.").

Finally, the City contends that Plaintiff's negligence claim is barred because Plaintiff did not timely present a government claim. ECF No. 7-1 at 24–25. "A claim relating to a cause of action for death or for injury to person or to personal property or growing crops shall be presented as provided in Article 2 . . . not later than six months after the accrual of the cause of action." Cal. Gov't Code § 911.2. The City argues Plaintiff's claims accrued in August 2020 when the City rejected Plaintiff's application in accordance with the City's Manager's decision from the administrative hearing. ECF No. 7-1 at 25. Plaintiff responds that its claims accrued when the City most recently rejected its applications in September 2023. ECF No. 12 at 19. The Court agrees that Plaintiff's claims accrued in September 2023 after the City re-scored and denied Plaintiff's applications following the Superior Court's Writ of Mandate. *See Harlow v. Cnty. of Riverside*, 295 F. App'x 252, 254 (9th Cir. 2008) (concluding "[t]he claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.") (internal quotation marks omitted). Plaintiff filed a government claim on October 13, 2023, well within the six-month statute of limitations. ECF No. 12 at 19.

### C.     Statute of Limitations

The City argues that Plaintiff's claims are barred by the statute of limitations. The limitation period for a § 1983 claim is determined by borrowing the forum state's limitation period, including its tolling provisions, for the most analogous personal injuries. Cal. Civ.

Proc. Code § 335.1. The statute of limitations for negligence claims in California is two years, and the Parties agree that this statute of limitations is applicable to both claims here. A claim begins to accrue when "plaintiff knows or has reason to know of the injury which is the basis of the action." *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 926 (9th Cir.2004). "[O]rdinarily, the statute of limitations runs from the occurrence of the last element essential to the cause of action." *Aryeh v. Canon Bus. Sols., Inc.*, 55 Cal. 4th 1185, 1191, (2013) (internal quotation marks omitted).

Here, the instant action was filed on May 21, 2024 in state court, and thus Plaintiff's claims are timely if they accrued on or after May 21, 2022. ECF No. 1 at. 1–2. As discussed above, Plaintiff's claims accrued in September 2023. The claims are timely.

## IV. LEAVE TO AMEND

Plaintiff requests leave to amend if the Court grants the City's motion to dismiss. ECF No. 12 at 16. The district court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Leave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts." *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (internal quotation marks omitted). The deficiencies identified in the claims above are susceptible to being cured by the allegation of additional facts. Accordingly, the Court grants Plaintiff leave to file a second amended complaint.

## V. CONCLUSION

For the foregoing reasons:

1. The Defendant's motion to dismiss [ECF No. 7] is **GRANTED**, and the First Amended Complaint is **DISMISSED**.

//
//
//
//
//

2. Plaintiff is **GRANTED** leave to amend by filing, within fourteen (14) days of this Order, a second amended complaint. The second amended complaint must be complete in and of itself, without reference to Plaintiff's original pleading, and any claims not re-alleged in the second amended complaint will be considered waived. *See* CivLR 15.1. If Plaintiff fails to file a second amended complaint within the time provided, the action will be dismissed.

**IT IS SO ORDERED**.

Dated: February 21, 2025

*Robert S. Huie*
_____
Hon. Robert S. Huie
United States District Judge